Cite as 2019 Ark. 400

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE ARKANSAS SUPREME COURT COMMITTEE ON CRIMINAL PRACTICE – RULE 9.3 OF THE RULES OF CRIMINAL PROCEDURE | **Opinion Delivered** December 12, 2019 |

## PER CURIAM

The Arkansas Supreme Court Committee on Criminal Practice recommends an amendment to Rule 9.3 of the Rules of Criminal Procedure. We are publishing the recommendations for comment. The proposed changes are set out in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

Comments on the suggested rule changes should be made in writing before March 31, 2020, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Criminal Procedure Rules, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201.

### Rules of Criminal Procedure

**Rule 9.3. Prohibition of Wrongful Acts Pending Trial.**

(a) If it appears that there exists a danger that the defendant will commit a serious crime or will seek to intimidate witnesses, or will otherwise unlawfully interfere with the orderly administration of justice, and based upon the facts and circumstances that are germane to the charge itself, the judicial officer, upon the release of the defendant, may enter an order:

(a̶ 1) prohibiting the defendant from approaching or communicating with particular persons or classes of persons, except that no such order shall be deemed to prohibit any lawful and ethical activity of defendant's counsel;

(b̶ 2) prohibiting the defendant from going to certain described geographical areas or premises;

(c̶ 3) prohibiting the defendant from possessing any dangerous weapon, ~~or engaging in certain described activities or indulging in intoxicating liquors or in certain drugs~~ the use of certain drugs, the use of alcohol, or engaging in certain described activities;

 (d̶ 4) requiring the defendant to report regularly to and remain under the supervision of an officer of the court.

(b) The judicial officer shall not, however, require or order searches of the defendant's person, house, papers, or effects as a condition of pretrial release before a finding of guilt, except that the judicial officer may order drug and/or alcohol testing, if otherwise lawful, of the blood, breath, urine, or other bodily substance as such a condition if:

(1) the defendant is charged with a felony drug offense; or

(2) the defendant has any drug conviction in the last five years; or

(3) for other reasonable cause found by the judicial officer to further the goals of subsection (a) based upon individualized and particularized findings of fact and conclusions of law stated on the record or set forth in the order.

**Reporter's Notes, 20_ Amendment.**

Subdivision (b) was added and the rule was reformatted.